FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ JUL 26 2007 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X

FREEMAN WEBB,

                Plaintiff,

-against-

BRION D. TRAVIS, Chair, New York State Division of Parole; HONORABLE JUDGE JOAN O'DWYER, Queens County Supreme Court; HONORABLE JUDGE WILLIAM E. McCARTHY, Albany County Supreme Court; HONORABLE JOHN/JANE DOE, Queens County Supreme Court Judge for Plaintiff's 1980 conviction for robbery in the first degree under indictment number 421-80, and the HONORABLE JOHN/JANE DOE, Queens County Supreme Court Judge for Plaintiff's 1985 conviction for burglary in the second degree under indictment number 2856-85, they are sued in their individual and official capacity(s),

                Defendants.
----------------------------------------------------------------- X

07 CV 2021 (ARR) (LB)

NOT FOR ELECTRONIC OR PRINT PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

      Plaintiff Freeman Webb, a prisoner incarcerated at Five Points Correctional Facility, filed this action pro se pursuant to 42 U.S.C. §§ 1983 and 1985. Plaintiff alleged that each of the judges named as defendants did not have jurisdiction (i) to preside over his criminal trials held in 1980, 1985, 1993 which resulted in his convictions, or (ii) to preside over his Article 78 petition challenging the denial of parole. Compl. at 4-6, 9-10. By order dated June 5, 2007, the court dismissed plaintiff's complaint against the judicial officers and transferred the complaint against defendant Brion D. Travis to the United States District Court for the Northern District of New York. On July 16, 2007, plaintiff moved for reconsideration of the court's order dismissing the complaint against the state court judges pursuant to Fed. R. Civ. P. 60(b).

*Standard for Reconsideration*

Rule 60(b) of the Federal Rules of Civil Procedure provides that a party may move to set aside a judgment on grounds of mistake, inadvertence, neglect, newly discovered evidence, fraud, or any other reason justifying the modification of an order or judgment. Fed. R. Civ. P. 60(b). The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied." Herschaft v. New York City Campaign Finance Board, 139 F. Supp. 2d 282, 283 (E.D.N.Y. 2001). "A motion for reconsideration is appropriate when the moving party can demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion ... and which, had they been considered, might have reasonably altered the result before the court." Id. at 284 (internal quotations omitted); see also Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); Local Civil Rule 6.3. District courts apply this rule strictly to dissuade repetitive arguments on issues that have already been fully considered by the court. Commercial Union Ins. Co. v. Blue Water Yacht Club Ass'n, 289 F. Supp. 2d 337, 340 (E.D.N.Y. 2003).

Here, plaintiff's request for reconsideration fails to establish that the court has overlooked a controlling factual matter or legal authority. Instead, plaintiff argues that the state court judges are not entitled to judicial immunity because "these are not judges as defined by this Court," Plaintiff's Motion at ¶ 4, referring to Lopez Torres v. New York State Board of Elections, 04 CV 1129 (JG), a case which found that the system for electing New York State Supreme Court Justices was unconstitutional. Plaintiff's argument that the state court judges named as defendants were not entitled to judicial immunity is without merit.

2

## CONCLUSION

Accordingly, plaintiff's motion for reconsideration under Fed. R.Civ. P. 60(b) is denied. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal.

SO ORDERED.

/S/

Allyne R. Ross
United States District Judge

Dated: July 26, 2007
Brooklyn, New York

SERVICE LIST:

    <u>Pro Se Plaintiff</u>
    Freeman Webb
    95A0087
    Five Points Correctional Facility
    State Route 96, P.O. Box 119
    Romulus, NY 14541


cc:     Magistrate Judge Bloom